UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                  :

DEIRDRE CHIARAMONTE,            :
                                  :

                  Plaintiff,    :

                                  :

              v.             :

                                  :

THE ANIMAL MEDICAL CENTER, *et al.*,  :

                                  :

                Defendants. :

                                  :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  July 22, 2014

13 Civ. 5117 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Deirdre Chiaramonte here sues her former employer, the Animal Medical Center ("AMC"), a not-for-profit veterinary teaching hospital, as well as Kathryn Coyne, the Chief Executive Officer of AMC since March 2010.  Plaintiff alleges that AMC violated the Equal Pay Act of 1963 (the "EPA"), 77 Stat. 56, 29 U.S.C. § 206(d), and its state-law analogue, Section 194 of the New York Labor Law (the "NYLL"), by paying male employees higher wages than she earned for doing substantially equal work.  She also alleges, though not implicated here, that Coyne tortiously interfered with Plaintiff's business relations and defamed her.  Pending before the Court is Defendants' motion to dismiss Plaintiff's claims under the EPA and the NYLL.  For the reasons set forth in the remainder of this Opinion, Defendants' motion is denied.

**BACKGROUND**[1]

## A.    Factual Background

Plaintiff is a Doctor of Veterinary Medicine who graduated from veterinary school in 1997.  (Am. Compl. ¶ 8).  After veterinary school, Plaintiff completed an internship and a residency at AMC, and has served at AMC ever since as a veterinarian.  (*Id.* at ¶ 9).

Beginning in 2002, Plaintiff began administering a program at AMC dedicated to serving the pets of donors and other important individuals; this program was then formalized in 2004 under the name the President's Council.  (Am. Compl. ¶ 10).  Plaintiff's President's Council responsibilities were an additional set of job duties to her work as a veterinary internist.  (*Id.*).  In 2005, Plaintiff also helped establish a Rehabilitation and Fitness Service at AMC that, after its establishment, she was responsible for directing.  (*Id.* at ¶ 11).

After various personnel disputes that are not at issue here, Plaintiff was fired on July 24, 2012.  (Am. Compl. ¶ 23).

## B.    The Instant Litigation

Plaintiff filed the original complaint in this action on July 23, 2013.  (Dkt. #1).  Defendants wrote the Court asking leave to move to dismiss the complaint and the Court held a conference to discuss that motion on November

---

[1]     As necessarily on a motion to dismiss, the facts are drawn from the Amended Complaint ("Am. Compl."), the content of which is accepted as true here.  For convenience, Defendants' opening brief is referred to as "Def. Br."; Plaintiff's opposition brief as "Pl. Opp."; and Defendants' reply brief as "Def. Reply."  Transcripts of proceedings occurring before the Court are referred to using the convention "[Date] Tr."

1, 2013.  At that conference, Defendants withdrew their request to move to dismiss Plaintiff's tortious interference and defamation claims, but pursued their request as to Plaintiff's EPA and NYLL claims.  (11/1/13 Tr. 5:11-6:4). Plaintiff requested permission to amend the complaint so as to supplement her claims on that score, and the Court granted leave to do so, directing Defendants to advise the Court shortly thereafter as to whether they would persist in their motion to dismiss.  (*Id.* at 11:8-12:14).

Plaintiff amended her complaint as ordered on November 15, 2013 (Dkt. #15), and Defendants wrote the Court on November 26, 2013, advising that they would move to dismiss the Amended Complaint (Dkt. #16).  The Court set a briefing schedule for that motion on December 16, 2013. (Dkt. #18).  Defendants moved in accordance with that schedule on January 22, 2014 (Dkt. #19); Plaintiff opposed on February 28, 2014 (Dkt. #28); and the motion was fully submitted with the filing of Defendants' reply brief on March 17, 2014 (Dkt. #29).

## DISCUSSION

### A.    Applicable Law

#### 1.    Motions Under Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted);

*see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).  A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)).  A court is not, however, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Rolon* v. *Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *DiFolco* v. *MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).  "Even where a document is

not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc.* v. *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

### 2.    The Equal Pay Act and New York Labor Law § 194

The EPA prohibits employers from discriminating between employees on the basis of sex.  29 U.S.C. § 206(d).  Under the EPA,

> [n]o employer ... shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex....

*Id.* § 206(d)(1).  An EPA plaintiff "must show that: 'i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions.'" *Lavin-McEleney* v. *Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (quoting *Belfi* v. *Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999)).  "Claims for violations of the Equal Pay Act and the [NYLL] may be evaluated under the same standard." *Volpe* v. *Nassau Cnty.*, 915 F. Supp. 2d 284, 291 n.5 (E.D.N.Y. 2013) (quoting *Rose* v. *Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001)).

**B.    Application**

    **1.    The Court Will Not Consider Documents Outside the Pleadings**

To begin with, Defendants urge the Court to examine the content of AMC's Internal Revenue Service Form 990 (the "Tax Form") in considering Defendants' motion to dismiss.  (*See, e.g.*, Def. Br. 10 n.3, 15 n.5).  The Court will not do so.  It is certainly true, as Defendants urge (*see* Def. Reply 6-10), that a court may examine a document not referenced in a complaint where the complaint "'relies heavily upon its terms and effect'" so that the document is "'integral'" to the complaint.  *Chambers*, 282 F.3d at 153 (quoting *Int'l Audiotext*, 62 F.3d at 72).  Defendants argue that the Tax Form falls into this category because Plaintiff mentioned it in a letter to the Court in connection with information regarding other AMC employees, and because the information identified in that letter is "nearly" the same information included in Plaintiff's Amended Complaint.  (Def. Reply 7).

This is simply not enough to overcome the presumption that a motion to dismiss should be decided solely on the basis of the plaintiff's allegations.  Neither the terms nor the effect of the Tax Form are heavily at issue here.  *Cf. Mangiafico* v. *Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("Here, while we believe that the references made by the district court to documents outside of the record were unnecessary to reach its holding, we nevertheless find no error in the district court's reliance on [a document outside the record.]").  There is no indication that the terms of the Tax Form provided the sole or primary source for the information in question.  More to the point, Defendants do not

6

submit the Tax Form as a "smoking gun," the effect of which unmistakably invalidates Plaintiff's claims.  Defendants do not argue, for example, that Plaintiff, insofar as she may have drawn certain information from the Tax Form, lied about its contents.  On the contrary, Defendants point to other information reflected in the document and, indeed, provide substantial exegesis on how to understand that information: the proper interpretation of a parenthetical under the name of one of Plaintiff's male comparators, for example, or how tax reporting requirements affected specific salary figures.  (Def. Br. 15 & n.5).  This is a far cry from the kind of self-confessing document that other courts have regarded as adequately integral to a complaint to permit consideration of all its terms in evaluation of the complaint's legal adequacy.

The cases Defendants offer in support of its position further demonstrate why their argument must fail.  (*See* Def. Reply 7-9).  In *Karmilowicz* v. *Hartford Fin. Servs. Grp., Inc.*, 494 F. App'x 153, 156 (2d Cir. 2012) (summary order), for example, the Second Circuit approved the district court's consideration of compensation plans the plaintiff had not attached to the complaint because "the terms of the documents contradicted [p]laintiff's claims and [the compensation plans'] clear language" demonstrated that the defendant faced no liability.  In *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991), the court below had found that the documents at issue were "[c]ertainly ... integral" to the complaint as they were "referred to throughout" the pleading.  *Cortec Indus.* v. *Sum Holding L.P.*, No. 90 Civ. 0165, 1991 WL 3051, at *9 (S.D.N.Y. Jan. 4, 1991), *aff'd in part, rev'd in part*, 949 F.2d 42.  On

7

appeal, the Second Circuit concluded that the documents could be considered on a motion to dismiss because the information they contained was the very information the plaintiffs "apparently most wanted to avoid" disclosing. *Cortec Industries*, 949 F.2d at 44. And in *Krasner* v. *HSH Nordbank AG*, 680 F. Supp. 2d 502, 521 & n.11 (S.D.N.Y. 2010), the plaintiff alleged that he had been unlawfully discharged in retaliation for complaining of discriminatory conduct in a complaint to his employer's human resources department. That written complaint, however, contained no reference whatsoever to any discriminatory conduct, and the district court properly considered it in dismissing the plaintiff's claims. *Id.*[2]

In all of the above cases, the "terms and effect," *Chambers*, 282 F.3d at 153, of the evidence at issue went to the heart of some claim of the plaintiff's as pleaded in the complaint. Not so here. This is not a case in which introduction of an external document would demonstrate that the plaintiff had no claim at all. *See I. Meyer Pincus and Assoc.* v. *Oppenheimer & Co., Inc.*, 936 F.2d 759,

---

[2]     Defendants offered two additional citations in support of their position. Each was either legally or factually inapposite. In *Sosnowy* v. *A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 475 (E.D.N.Y. 2011), the court considered external documents in determining whether the plaintiff would be given leave to replead, ultimately granting him that right and finding, "in light of the unsettled nature of the law, it was reasonable for the [p]laintiff to omit" any reference to the information the documents contained in his complaint. And in *Saunders* v. *NYC Dep't of Educ.*, No. 07 Civ. 2725 (SJF) (LB), 2010 WL 2816321, at *8-9 (E.D.N.Y. July 15, 2010), *on reconsideration in part*, No. 07 Civ. 2725 (SJF) (LB), 2010 WL 2985031 (E.D.N.Y. July 20, 2010), the court relied on material outside the pleadings to dismiss certain claims for lack of subject matter jurisdiction. When subject matter jurisdiction is at issue, however, a "'court can refer to evidence outside the pleadings.'" *Hamm* v. *United States*, 483 F.3d 135, 137 (2d Cir. 2007) (citing *Luckett* v. *Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002)). This is a motion to dismiss for failure to state a claim, not for lack of subject matter jurisdiction, and the opposite is true here.

762 (2d Cir. 1991) (considering a prospectus not incorporated in the complaint when it demonstrably did not contain the misrepresentations plaintiff alleged). Whether the Tax Form undercuts Plaintiff's claims is itself a matter requiring testimony and argument. The Court will not consider the Tax Form here.

Nor is the Tax Form, though a publicly filed document, properly subject to judicial notice. (*See* Pl. Opp. 15-16). Judicial notice may be taken of documents outside the pleadings to establish the fact of their existence and the scope, but not the truth, of their content. *Staehr* v. *Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). As explained above, it is not the existence of the Tax Form, but the truth of some of its terms — and specific interpretations thereof — that Defendants urge the Court to consider. Judicial notice is inappropriate in this setting.

Defendants also offered an affidavit from Defendant Coyne, AMC's Chief Executive Officer, in the hopes that it might "prove [a] helpful reference with respect to the definition of various medical titles and roles." (Def. Br. 7). The law is clear, however, that a court may "not properly consider ... affidavits in connection with its assessment of whether [a] complaint stated a claim." *Festa* v. *Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990). The Court will disregard the Coyne Affidavit as well.

### 2. Plaintiff Has Satisfactorily Pleaded EPA and NYLL Violations

At base, Defendants argue that Plaintiff has not adequately identified comparators to substantiate her claim of being underpaid because of her

gender.  But while Defendants' argument has facial appeal, it does not withstand scrutiny under the analysis prescribed by Rule 12(b)(6).

As a preliminary matter, the Second Circuit has not adopted the requirement of identifying a specific comparator.  *See Lavin-McEleney* v. *Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001); *Kassman* v. *KPMG LLP*, 925 F. Supp. 2d 453, 471 (S.D.N.Y. 2013) ("Whether or not a female plaintiff must identify a specific male comparator — an issue on which the Second Circuit has reserved judgment…."). But irrespective of whether such a requirement exists in this Circuit, Plaintiff has satisfactorily identified a comparator.

Plaintiff alleges in the Amended Complaint that she, in addition to serving as a veterinary internist, managed the President's Council and the Rehabilitation and Fitness Center at AMC.  (Am. Compl. ¶¶ 10-11).  She further alleges that one Dr. Doug Palma made $50,000 more than Plaintiff in 2011, though he is of lower seniority, works only four days per week, and "did not have additional responsibilities at the President's Council or the Rehabilitation and Fitness Clinic."  (*Id.* at ¶ 31).  Plaintiff alleges that she and Palma share the same specialty and that she has more years of experience.  (*Id.* at ¶¶ 10, 11, 31).

Defendants insist that this allegation is not enough because Plaintiff has "mentioned not one scintilla of information about the job descriptions" of any comparators, and has failed to "include even the briefest description of their work responsibilities."  (Def. Br. 14).  But as the foregoing makes clear, Plaintiff has done so.  She has alleged that she and Palma both performed similar work

as veterinarians practicing internal medicine; that, in addition to those duties, she shouldered responsibilities that Palma did not match; and that, if anything, she worked under more demanding conditions than he, including working more days each week. (Am. Compl. ¶¶ 10, 31). As such, Plaintiff has described her job responsibilities in comparison to the job responsibilities of a male comparator so as to allege that they performed substantially equal work. *See, e.g., Kassman*, 925 F. Supp. 2d at 471 (holding that plaintiffs had adequately stated an EPA claim by alleging that male comparators "whose qualifications[,] experience[,] and responsibilities were no greater" than the plaintiffs' "performed the same tasks with no greater skill or effort").

Defendants' arguments to the contrary are in large part misconstructions of the allegations in the Amended Complaint or of applicable law. For example, Defendants contend that Plaintiff does not name a title of a comparator. (Def. Br. 11). But a "job title or classification is not dispositive in a determination of substantial equality." *Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO (AFSCME)* v. *Nassau Cnty.*, 609 F. Supp. 695, 707 (E.D.N.Y. 1985). Defendants appreciate this rule: they cite it themselves later in their brief in attacking Plaintiff for, they claim, "rel[ying] on job titles in naming employees" instead of pleading that a comparator's work was substantially similar to her own. (Def. Br. 16-17). Defendants cannot have it both ways.

More to the point, Plaintiff identifies the content of a comparator's work, not merely his title; she alleges that she and Palma share a specialty that they both practice, and that, unlike Plaintiff herself, Palma does not have

11

responsibilities in addition to that practice.  (Am. Compl. ¶¶ 10, 11, 31).
Defendants insist that this allegation is false.  (Def. Br. 15 & n.4).  But its truth
is not at issue here.  The question is only whether it satisfies the pleading
standard.  It does.

Defendants also rely heavily on *E.E.O.C.* v. *Port Auth. of New York & New
Jersey*, No. 10 Civ. 7462 (NRB), 2012 WL 1758128 (S.D.N.Y. May 17, 2012), an
unusual case in which the Equal Employment Opportunity Commission sued
the Port Authority for Equal Pay Act violations.  The court in *E.E.O.C.* directed
the Commission to answer contention interrogatories served by the Port
Authority to amplify its allegations in the complaint.  *Id.* at *1-2.  Assessing
these responses and concluding that the Commission's theory of the case was
no more than an argument that "an attorney is an attorney is an attorney," *id.*
at *2, the court there held that "a listing of ... abstract generalities" fell short of
the requirement of providing "a true comparison of the content of the jobs at
issue."  *Id.* at *4.

Defendants argue that *E.E.O.C.* illustrates the deficiencies of the
Amended Complaint.  There is some question whether *E.E.O.C.* is any guide at
all, given its unusual posture.  Whatever its value, however, it is of no help to
Defendants here: Plaintiff has not merely argued that a veterinarian is a
veterinarian.  She has explained the content of the jobs, compared the
responsibilities of the individuals, alleged the working conditions obtaining in

12

each position, and identified the experience and qualifications of the employees.[3]

      To be clear, Plaintiff's EPA comparator allegations are far from extensive. The Court does not suggest that Defendants' motion to dismiss was frivolous; Plaintiff has cleared the bar here by a very narrow margin.  Nor does the Court offer any opinion, even prospectively, as to whether Plaintiff's allegations on this score could survive summary judgment on a more complete evidentiary record.  At the motion to dismiss stage, such an opinion would be inappropriate.  But drawing all inferences from the allegations in the Amended Complaint in Plaintiff's favor, as the Court must do, Plaintiff has stated a claim under the EPA and the NYLL.

### 3.      Discovery Will Not Be Limited

      Defendants requested in their opening brief that, should the Court deny their motion to dismiss, Plaintiff be foreclosed from conducting discovery as to any comparator not identified in the Amended Complaint.  (Def. Br. 19-21).

---

[3]      The same is not true of the other comparator relationship Plaintiff offered in the Amended Complaint, between Dr. Chick Weisse and Dr. Janet Kovac McClaran.  (Am. Compl. ¶ 32).  There, Plaintiff did no more than allege the titles, qualifications, and working conditions of the two individuals, without satisfying the requirement of alleging substantially equal work.  Nonetheless, Plaintiff has adequately pleaded her claim here.  A single comparator may not suffice to substantiate a prima facie case adequate to defeat a motion for summary judgment against an Equal Pay Act claim.  *See Lavin-McEleney*, 239 F.3d at 481; *Raco* v. *Gen. Elec. Co.*, No. 95 Civ. 0062, 1996 WL 679789, at *3 (N.D.N.Y. Oct. 7, 1996).  At the motion to dismiss stage, however, a single comparator is enough.  *See, e.g.*, *Rizzo* v. *Kraus Org.*, No. 10 Civ. 272 (JG) (RER), 2010 WL 2427434, at *3 (E.D.N.Y. May 25, 2010); *Bastian* v. *New York City Dep't of Educ.*, No. 04 Civ. 7450 (PAC), 2008 WL 2930529, at *6 (S.D.N.Y. July 29, 2008)

The parties are free to battle over individual disputes as discovery unfolds.  The Court will not issue so sweeping an order before discovery even begins.

First, any legitimate issues that arise can be resolved by appropriate accommodations at the relevant time.  If, as Defendants fear, Plaintiff seeks unreasonably burdensome discovery or demands production of confidential information (Def. Br. 20), Defendants can object and request a ruling from the Court or propose a protective order to protect sensitive materials.  Second, Defendants have not provided any satisfactory argument as to why Plaintiff should not be able to seek evidence of illegal pay discrimination that might have been unknown to her during her employment.  If Defendants have indeed violated the EPA and the NYLL in their salary practices, they should not evade liability simply because they successfully concealed that fact from Plaintiff.

## CONCLUSION

Defendants' motion to dismiss is DENIED.  The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 19 and 24.

The parties are hereby ORDERED to appear for a conference on **August 21, 2014, at 2:00 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York to set a schedule for discovery.  The parties should submit a proposed Case Management Plan to the Court in PDF format by **August 14, 2014**.

14

SO ORDERED.

Dated:      July 22, 2014
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

15